## In the Matter of Maxine J. WADDELL.

United States Bankruptcy Court, N. D. Georgia.

March 9, 1982.

---

See also, Bkrtcy., 21 B.R. 450.

Maxine J. Waddell, Decatur, Ga., pro se.

### ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Maxine J. Waddell represents two Chapter 13 debtors in this court: Janice M. Scott, Case No. 82–00463A and Donald Irvin, Case No. 82–00464A. Both debtors petitions were filed in February 2, 1982. However, in each case, a so-called skeletal, or incomplete petition was filed. Under Bankruptcy Rule 108(b), a debtor is given ten days in which to file documents necessary to complete the petition. The Rule also provides that additional time for filing may be allowed by the court upon a proper application.

In the above cases, completed documents were not filed within ten days and no application was made for an extension of time. As a result, each debtor was issued an order to show cause on March 16, 1982 why that debtor's case should not be dismissed. To date, completed documents have not been filed in Case No. 82–00463A. Complete documents were filed in Case No. 82–00464A on February 26, 1982.

On February 4, 1982, Ms. Waddell filed a petition for attorney fees in the amount of $675.00 in the Irvin case. On that same date she filed a petition for attorney fees in the Scott case indicating that $500.00 remains to be paid in that case. The Disclosure Statement filed in the Scott case indicates that Ms. Waddell's total fee in that case is $675.00. Both of these fees are $175.00 in excess of the $500.00 "maximum" attorney fee allowed in a regular, uncomplicated Chapter 13 case in the Bankruptcy Court of the Northern District of Georgia. The maximum cannot be allowed for minimum services. This excess is hereby DENIED.

Further, because Ms. Waddell has abused the privilege of filing skeletal petitions under Bankruptcy Rule 108(b) and has created unnecessary paperwork for the Clerk of this Court and has burdened this court with unnecessary hearings, her fee in each of the above cases will be reduced further at the confirmation hearing dependent upon whether the plan will be confirmed and the application of standards of Bankruptcy Rule 219. Any amount of fee which has been paid in excess of the amount ultimately allowed shall be returned to the debtor.

IT IS SO ORDERED.